**FIA. T.S. TIAPULA, SIUFANUA T. MAMEA, for and on behalf of MAMEA TA`IAU, Senior Matai of the MAMEA FAMILY of Aoa, Plaintiffs**

**v.**

**AMERICAN SAMOA POWER AUTHORITY, Defendant**

High Court of American Samoa
Land and Titles Division

LT No. 14-94

May 3, 1994

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiffs, Asaua Fuimaono
 For Defendant, Marshall Ashley

Order on Motion for Preliminary Injunction:

The Mamea family of Aoa seeks a preliminary injunction against the American Samoa Power Authority ("ASPA") to enjoin its continuing construction of a feeder antenna, and appurtenances thereto, on a certain site on Mount Olomoana which is claimed by the Mamea family as its communal property.

Testimony on behalf of plaintiffs was to the effect that the site in question is within an area historically cultivated by the Mamea family on which they maintain coconut plantations. The evidence also revealed that while a representative of ASPA had discussions with a representative of the Mamea family regarding the actual site for the antenna, a lease of the site has not even reached the negotiation stage. Notwithstanding, ASPA has completed a sizeable concrete structure on Mount Olomoana on the site discussed, preparatory to the installation of the antenna. ASPA has presented, without elaboration, its government Land Use and Building Permit Application relating to some area on Mount Olomoana, which application was executed by the sa`o of the Aumoeualogo family, also of Aoa, as land owner. There was no evidence, however, as to whether the Aumoeualogo family laid claim to the particular antenna site in dispute.

On the evidence before the court, we are satisfied that a prima facie showing of ownership to the site in question has been made by the Mamea family. ASPA, on the other hand, neither appears to contest the Mamea family's claim to ownership, nor has it attempted to show superior entitlement in derogation of that claim. ASPA has merely alluded to its own critical need for such an antenna and the American Samoa Government's right of eminent domain. Additionally, it argues that plaintiffs have an adequate legal remedy--damages.

■ ASPA's contentions are without merit; they suffer a fundamental due process flaw. That is, after-the-fact compensation for the land's use is not an adequate substitute for obtaining permission or following applicable statutory procedures in order to use the land in the first place.

■ On the foregoing, we conclude "sufficient grounds" have been

48

demonstrated by plaintiffs in accordance with the provisions of A.S.C.A. § 43.1301(j). Accordingly, and pending further order of Court, an order will enter enjoining the defendant ASPA, its agents, servants and assigns from any further construction on that site on Mount Olomoana, Eastern District, Island of Tutuila, on which sits its recent concrete construction preparatory to the installation of its proposed feeder antenna. Since the subject matter hereof relates to communal property issues, ASPA's request for surety from the plaintiffs is denied. *See* A.S.C.A. § 41.1309(b).

It is so ordered.